UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALOYSIA BROOKS,<br>c/- Mr Stephen Kenny<br>345 King William Street<br>Adelaide  SA  5000<br>AUSTRALIA,<br><br>      PLAINTIFF<br>  vs.<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530,<br><br>DEPARTMENT OF DEFENSE,<br>1400 Defense Pentagon<br>Washington, DC 20301-1400,<br><br>DEPARTMENT OF STATE,<br>2201 C St., NW<br>Washington, DC 20520<br><br>      DEFENDANT | Judge _____<br>Civil Action No. _____ |

## COMPLAINT

### THE PARTIES

1.    Plaintiff Aloysia Brooks is a citizen of Australia.

2.    Plaintiff is currently undertaking doctoral research into human rights violations as a consequence of the war on terror. Her research has included the history and impact of interrogation techniques used by the U.S. military and intelligence agencies, as well as the global human rights implications. Her research has centered around issues relating to Guantanamo Bay, U.S. torture, the impact of the war on terror, and torture prevention strategies. She also worked for Amnesty International which included visits to places of detention in Australia to observe

1

conditions and treatment of detainees. In addition, she currently coordinates an organization that is calling for the Australian government to open an investigation into David Hicks' case.

3.      Plaintiff seeks access to certain public records to distribute to the news media for distribution to the general public.  Her connections and relationships with a wide range of domestic and international media organizations will ensure that any documents received as a result of her FOIA requests at issue in this case will be published and reprinted.  Her extensive and in-depth research experience in this area provides further evidence that the material will be widely and accurately distributed for the public interest. There has, in fact, already been significant media interest in the FOIA requests that are the subject of this lawsuit.

4.      Defendant Department of Justice (DOJ) is an agency of the United States.

5.      The Federal Bureau of Investigation (FBI) is a component of Defendant agency DOJ.

6.      Defendant Department of Defense (DOD) is an agency of the United States.

7.      Defendant Department of State (DOS) is an agency of the United States.

8.      The DOJ, FBI, DOD, and DOS have possession, custody and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

9.      This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

10.     This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

11.     Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### Background

12.     David Hicks was born on the 7th August 1975 in Adelaide, South Australia. Mr. Hicks grew up in the suburbs, and after leaving school at 15, travelled to the Australian outback to become a jackeroo. Events eventually led Mr. Hicks to Japan to train horses. It was here that he first saw the atrocities that were taking place in Kosovo. With the desire to assist the people of Kosovo, Mr. Hicks flew to Albania and briefly joined the Kosovo Liberation Army. After the war ended, Mr. Hicks returned to Adelaide before embarking on a journey that would eventually lead him to Guantanamo.

13.     At first it was the desire to travel the Old Silk Road that led him to Pakistan, but while he was there, he learned of the hardship of the Kashmiri people in their struggle for independence from the Indian government occupation. He once again became motivated to help, and agreed to undertake standard military training with the aim of providing protection to the civilian population caught up in the conflict. Mr. Hicks received basic military training in Pakistan and Afghanistan.

14.     After the military training was completed, Mr. Hicks was planning to travel back to Australia, and went to Pakistan to arrange a visa when the horrific events of September 11th 2001 unfolded. Trapped in Afghanistan when the bombs started to fall during the US led invasion, Mr. Hicks was then kidnapped by the Northern Alliance whilst waiting at a taxi stand. He was sold by the Northern Alliance to the American military for approximately US$5,000. In US military custody, Mr. Hicks was then taken to two ships, the USS Bataan and Pelilieu where he was subjected to beatings and sleep deprivation on transit to Guantanamo Bay. When processed at Kandahar prison, Mr. Hicks was subjected to sexual humiliation and other forms of cruel, inhuman and degrading treatment.

15.     David Hicks was transported to Guantanamo on the 11th of January 2002. After the Australian Government admitted that David had not broken any Australian law, and political pressure mounted from the outcry of the Australian public, he was offered a politically brokered plea agreement that meant he could return home to Australia in 60 days. He signed the plea in 2007. After serving seven months in an Australian prison, Mr. Hicks was released under a twelve month Control Order on the 29th December 2007.

## PLAINTIFF'S FOIA REQUESTS

16.     According to the records of the U.S. Postal Service, on January 3, 2013, Plaintiff, through counsel, mailed FOIA requests to the FBI, DOJ, DOD, DOS, and the CIA.  Each of these requests sought information about David Hicks.  Attached to each FOIA request was a privacy waiver signed by Mr. Hicks authorizing records to be released to Plaintiff.  Plaintiff also sought a fee waiver in each of her requests.

17.     According to the records of the U.S. Postal Service, on January 7, 2014, Defendant DOS received the FOIA request Plaintiff caused to be sent to that agency.

18.     According to the records of the U.S. Postal Service, on January 7, 2014, Defendant DOJ received the FOIA request Plaintiff caused to be sent to that agency.

19.     According to the records of the U.S. Postal Service, on January 6, 2014, the FBI received the FOIA request Plaintiff caused to be sent to that agency.

20.     According to the records of the U.S. Postal Service, on January 7, 2014, Defendant DOD received the FOIA request Plaintiff caused to be sent to that agency.

21.     According to the records of the U.S. Postal Service, on January 8, 2014, the CIA received the FOIA request Plaintiff caused to be sent to that agency.

## DEFENDANTS' FAILURE TO TIMELY RESPOND TO PLAINTIFF'S FOIA REQUESTS

22. The CIA assigned Plaintiff's FOIA request tracking number F-2014-00582. In a letter dated February 14, 2014, the CIA issued a final response refusing to confirm or deny the existence or nonexistence of responsive records. As Plaintiff has not yet exhausted the administrative appeal process, this FOIA request is not presently the subject of this lawsuit.

23. Defendant DOS assigned Plaintiff's FOIA request tracking number F-2014-00892. In a letter dated January 28, 2014, DOS denied Plaintiff's request for a fee waiver. As Plaintiff has not yet exhausted the administrative appeal process, her request for a fee waiver is not presently the subject of this lawsuit. The underlying FOIA request, however, is one of the subjects of this lawsuit.

24. The FBI assigned Plaintiff's FOIA request tracking number 1248534-000.

25. The DOJ has not acknowledged Plaintiff's FOIA request or assigned it a tracking number.

26. The DOD has not acknowledged Plaintiff's FOIA request or assigned it a tracking number.

27. As of the filing of this Complaint, Plaintiff has not received a final response to her FOIA requests to the FBI, DOJ, DOD, and DOS with a determination as to whether these agencies will release or withhold all of the requested records.

28. As of the filing of this Complaint, Plaintiff has not received a final response to her FOIA requests to the FBI, DOJ, and DOD with a determination as to whether these agencies will grant her request for a fee waiver.

29. Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted her administrative remedies with regard to her FOIA requests to the FBI, DOJ, DOD, and DOS (except to the extent noted above) because Defendants have failed to comply with the statutory time limit.

## COUNT I: 
## VIOLATION OF FOIA

30. This Count realleges and incorporates by reference all of the preceding paragraphs.

31. Each of the documents referred to in this Complaint is incorporated herein by reference.

32. The DOJ, DOD, and FBI have violated FOIA by failing to grant Plaintiff's requests for a fee waiver.

33. The DOJ, DOD, DOS, and FBI have violated FOIA by failing to make a final decision as to whether these agencies will release or withhold all of the requested records.

34. Plaintiff has been and will continue to be irreparably harmed until Defendants are ordered to comply with FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendants' failure to comply with FOIA to be unlawful;

(2) Declare that Plaintiff is entitled to a waiver of fees for her FOIA requests;

(3) Order Defendants to search for and process the requested records without further delay;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

  /s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*